36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman Lee MOSES, Jr., Defendant-Appellant.
 No. 93-5530.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 2, 1994.
Decided Sept. 27, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-67)
 Danny Thomas Ferguson, Winston-Salem, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Richard S. Glaser, Jr., Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Herman Lee Moses, Jr., appeals his conviction and sentence, on a guilty plea, for possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A) (1988). Moses's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in determining that Moses was a career offender pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992), but contending that there are no meritorious issues for appeal. Moses was notified of his right to file an additional brief, which he ultimately filed, raising several other issues on appeal. Moses also moved for substitution of counsel.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that, based on the record of Moses's previous offenses, Moses was properly determined to be a career offender under U.S.S.G. Sec. 4B1.1.* We note that the district court exercised its discretion pursuant to U.S.S.G. Sec. 5K2.0 (Nov.1992), departed downward from the guideline range applicable to Moses as a career offender, and sentenced Moses at a level commensurate with his original level prior to the career offender enhancement. Accordingly, Moses's career offender status does not constitute a meritorious issue for appeal.
 
 
 3
 We further find the issues raised by Moses in his supplemental brief to be without merit. See Nichols v. United States, 114 S.Ct. 1921, 1928 (1994) (use of uncounselled misdemeanor convictions in determining sentence is not error); United States v. Young, 470 U.S. 1, 15 (1985) (errors not objected to at trial are only cognizable if they are particularly egregious); United States v. Davis, 954 F.2d 182, 187 (4th Cir.1992) (resentencing issues not raised below are generally waived); United States v. Terry, 916 F.2d 157, 160 (4th Cir.1990) (district court may rely solely on presentence report in determining sentence).
 
 
 4
 Because there are no complex or substantial issues presented in this appeal, we deny Moses's motion for appointment of substitute counsel.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The district court relied primarily on Moses's two prior convictions for assault in determining Moses's status as a career offender. We note that Moses had a prior conviction for felony possession with intent to sell and deliver cocaine. While this conviction was not used as a predicate conviction for the career offender status recommendation in the Presentence Investigation Report, this conviction, together with one other applicable conviction, would be sufficient to qualify Moses for career offender status. Based on this record, we cannot say that Moses's prior conviction for breaking and entering at age sixteen was a proper predicate offense under Sec. 4B1.1